Equity. — The bill in this case was ordered to be taken pro confesso, in the year 1801, in consequence of the defendant's failing to file his answer. At the next term it was ordered to be set for hearing, and by consent of parties was continued from that time until the present term. And now.
The last section of the act alluded to, enacts that it shall be in force from its passage. I am of opinion that this and every other part of the *Page 34 
law was intended to operate in governing the practice not only where suits were to be brought after the passage of the act, but in cases where suits had been previously instituted, and that the act should govern all subsequent proceedings in the practice.
As it respects the point now under consideration, it seems particularly reasonable, for the Act of 1787, c. 22, Ird. 622, respecting absconding and non-resident defendants, authorizes a non-resident defendant to obtain a rehearing at any time within three years after the passing the decree, upon observing the directions of the act. If the Court were now to hear the cause, ex parte,
and make a decree, the defendant would the next moment be entitled to a rehearing upon giving security — by receiving the answer at this time, a necessity for a rehearing may be superseded.
The 5th section of the act for the regulation of the proceedings of this court, includes this case; and if it did not, 1 should be strongly inclined to think that the order ought to be set aside, and the defendant permitted to answer upon showing good cause; exparte proceedings ought not to be encouraged. In civil suits they are unknown to the principles of the common law, but introduced into the Court of Chancery, respecting absconding defendants, or persons who wilfully evade the due process of law. It appears proper that the answer should be received.